**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENEE D. BELL,**

        **Plaintiff,**

**-vs-**                                                      **Case No. 6:10-cv-523-Orl-22KRS**

**HCR MANOR CARE FACILITY OF**
**WINTER PARK, METRO WEST**
**FACILITY (SOVEREIGN HEALTHCARE**
**OF METRO WEST, LLC), DR. HAVER**
**(ORMC PHYSICIAN) ,**

        **Defendants.**

_____

## ORDER

This cause is before the Court for consideration of Plaintiff Renee D. Bell's Motion for Permission to Appeal in Forma Pauperis and Affidavit (Doc. No. 34) filed on August 16, 2010. United States Magistrate Judge Karla R. Spaulding has submitted a report recommending that the motion be denied. After an independent *de novo* review of the record in this matter, including the objections filed by Bell, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation ("R & R").

Applications to proceed in forma pauperis are governed by Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979).[1] Rule 24 requires a party desiring to appeal in forma pauperis

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

to file a motion in the district court with an affidavit that shows in detail the party's inability to pay, claims an entitlement to redress, and states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). Section 1915 provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is frivolous, and thus not in good faith, "if it is without arguable merit in either law or fact." *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal citations and quotation marks omitted). "Arguable means capable of being convincingly argued." *Id.* (internal citations and quotation marks omitted).

In her motion to appeal, Bell does not state the issues she intends to present on appeal; she only indicates that she is appealing the dismissal of her case and attaches a copy of her second amended complaint.[2] The bulk of Bell's objections to the R & R reiterate the allegations in her complaint regarding the negligence of the nursing homes, hospital, and physician that culminated in the painful death of her mother.[3] While such allegations evoke the Court's sympathy, they do not permit a federal court to hear Bell's claims. Bell insists that because she alleges violations of

---

[2] Bell filed the Second Amended Complaint (Doc. No. 17) without leave of Court. The Court struck that document but found in any event that it contained the same jurisdictional deficiencies as Bell's complaint and amended complaint. (See Doc. No. 32 p. 2, n.3.)

[3] Now Bell apparently also asserts claims of racial discrimination. She states that her mother was "subjected to discrimination In [sic] healthcare, discrimination racial [sic] . . . ." (Doc. No. 36 p. 12.) Bell did not raise this claim in any of her complaints; it will not be entertained here.

42 U.S.C. § 1983, this Court has federal question jurisdiction. As in her complaint, she asserts that "the deceased was deprived by persons acting under color of state law." (Doc. No. 36 p. 2.) Bell contends that the nursing home facilities were acting under color of law because "all facilities must be licensed by the state in which they operate." (*Id.* at 3.) Bell also asserts that Dr. Haver and Orlando Regional Medical Center – which is not a named defendant – were acting "under color of law during the performance of their employment when they acted with the authority possessed by the virtue of their employment status within the state . . . ." (*Id.* at 12) (emphasis omitted). Bell cites *Estelle v. Gamble*, 429 U.S. 97 (1976), in support of her argument that the medical providers were acting under color of law. (*Id.* at 6.) However, that case is inapposite. The plaintiff in *Estelle* was a prisoner who claimed that prison officials and prison medical staff did not provide him adequate treatment. In the instant case, no state actors were involved. Bell's claims of § 1983 violations against the nursing homes and medical providers are not capable of being convincingly argued. *See Sun*, 939 F.2d at 925. Because the Court finds that Bell's appeal is frivolous and not taken in good faith, it will deny her motion to proceed in forma pauperis on appeal.

Based on the foregoing, it is ORDERED as follows:

1. The Report and Recommendation filed August 24, 2010 (Doc. No. 35), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff Renee D. Bell's Motion for Permission to Appeal in Forma Pauperis and Affidavit (Doc. No. 34) filed on August 16, 2010, is DENIED.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on October 18, 2010.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Eleventh Circuit Court of Appeals
Counsel of Record
Unrepresented Party